UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BILLIE GENE BARBER and
AGNES JANET BARBER

    Plaintiffs,

vs.

SHELTER MUTUAL INSURANCE COMPANY

    Defendant.

Case No. CIV-20-384-C

## AGREED PROTECTIVE ORDER

Pursuant to the Joint Motion for Protective Order [Dkt. No. 17], the Court finds the parties have agreed to the entry of an Agreed Protective Order. The Protective Order states as follows:

1. The following materials obtained during the course of this litigation are deemed private and confidential and subject to this Order:

    A. Defendant's claims guidelines;

    B. Non-public financial information of the parties;

    C. Additional information that may be identified during ongoing discovery

2. The confidential materials described above shall remain confidential and, absent permission by the Court, will not be distributed to the general public or used for purposes other than this litigation.

3. Subject to special limitations (as set out in paragraph 4) on tax returns, non-public financial information and other confidential materials may be disclosed to:

    D. The parties;

    E. The attorneys for the parties and the attorneys' staff;

  F.  The Court, the Court's staff, and the staff of the Court Clerk;

  G.  Any witness during the course of depositions;

  H.  Any court reporter or videographer;

  I.  Any person who is, or reasonably may be, expected to be a witness in this action; and

  J.  Any person who reasonably would need to see such materials in order to give testimony or information related to the case, to form opinions, or to serve as a consultant with regard to issues in the action.

  4.  In the case of disclosure of records or confidential information to persons as described in Paragraph 3, the disclosing party must advise the recipient that the information is subject to a confidentiality order and that such order applies to them. Such persons must consent and agree to maintain such information as confidential.

  5.  This Order shall not preclude either counsel from communicating a general assessment or analysis of the impact of the records or their contents or an assessment or analysis by their expert witness(es) to their clients or insurance representatives for purposes of settlement discussion or case preparation.

  6.  Confidential records subject to this Order need not generally be filed or presented under seal.  However, non-public financial records, or tax returns covered by this Order shall be sealed, along with the portions of any transcripts of testimony, reports, or other documents which would disclose information contained in such records.  The parties will comply with the procedures set forth in the Electronic Filing Policy and Procedures Manual ("ECF Policies & Procedures Manual") § III(A) for filing under seal confidential

documents which are subject to this protective order.  In lieu of filing under seal, parties will be allowed to redact the restricted portions of the information from documents filed with the Court, unless that confidential information is material to the issue being presented.

7. The party entitled to hold the information as confidential may waive the confidentiality of all or part of any otherwise confidential information or waive the requirement that any portion of information be filed under seal, however such waiver will not be implied but must be made expressly by the party.

8. Information that is confidential shall be marked "Confidential" except that tax returns and financial records are confidential without further designation. A party may designate portions of depositions as confidential if it contains information designated as confidential by this Order and if such designation is made at the time of the testimony and/or in writing within fifteen (15) calendar days of the transmittal of the deposition transcript from the court reporter.

9. Any party receiving information marked as confidential or a designation of deposition testimony may dispute the designation of confidentiality by sending a written statement to the designating party. The written statement must identify what documents or testimony is disputed as confidential and it must be sent out within fifteen (15) calendar days of the receipt of the designation of confidentiality. Thereafter, the party making the designation of confidentiality has the duty to meet and confer and, if no agreement can be reached, to file a motion asking for a determination of the confidential nature of the information which must be filed within thirty (30) calendar days of the date when the objection to confidentiality is received. If no application is made, the material will cease to

be confidential. If application is made, the material must be treated as confidential until the Court determines the matter.

10. Control and distribution of the information and/or documents subject to this Order shall be the responsibility of the attorneys of record.

11. Claims of Privilege or inadvertent disclosure of privileged or confidential material shall be controlled by the provisions of Rule 26(b)(5) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence.

12. This Order shall remain in force unless and until it is modified by this Court.

13. Information filed of record or presented in open court ceases to be confidential when so filed or presented subject, however, to the right of either party to move separately for the sealing of such information or for its withdrawal from the public record.

14. The entry of this protective order does not constitute a determination that any materials designated as confidential are either relevant, admissible or subject to being produced during discovery. Each party retains the right to make substantive objections to discovery requests other than those based on privacy or confidentiality.

15. This Order shall not affect or limit the presentation of evidence, including materials marked as confidential, during the trial of this action.

16. At the conclusion of the litigation – which includes completion of all appeals, matters on remand or the expiration of time for appeals – counsel shall, if requested, return tax records and financial information. The balance of any other confidential records shall be returned or destroyed at counsel's option after the passage of seven (7) years. If a party

seeks the return of confidential documents which have been copied or obtained at the expense of the opposing party, the party seeking their return must reimburse the other party for those initial copying expenses and any cost associated with the return of such documents. It is in all instances the responsibility of the party seeking return of documents to make a formal request for return and set out the proposed manner of return.

**IT IS SO ORDERED** this 17th day of February 2021.

ROBIN J. CAUTHRON
United States District Judge