IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLIE GENE BABER and AGNES JANET BABER, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | No. CIV-20-384-C |
| SHELTER MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs filed the present action asserting claims for bad faith, arguing that Defendant failed to evaluate their claim properly and reasonably and timely make payments under the homeowners policy insuring their home.  Defendant has filed a Motion for Summary Judgment, arguing that it is entitled to judgment on Plaintiffs' claim for breach of the duty of good faith and fair dealing.

On April 1, 2019, the Harrah Fire Department responded to Plaintiffs' home after a fire was reported.   Once the structure was deemed safe an investigation was started.   That investigation determined that the fire was intentionally set.  Plaintiffs made a claim to Defendant for the loss.  Defendant assigned the claim to a Special Investigations Unit ("SIU").   Ultimately Defendant denied the claim and this action ensued.   As noted, Defendant now seeks summary judgment on Plaintiffs' bad faith claim.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(c).   "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact."   Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977).   The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law.   Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).   A fact is material if it is essential to the proper disposition of the claim.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).   If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant.   Fed. R. Civ. P. 56(e).   These specific facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. Celotex, 477 U.S. at 324.   Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.   Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).   The burden is not an onerous one for the nonmoving party in each case but does not at any point shift from the nonmovant to the district court.   Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).   All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

2

## ANALYSIS

In support of its determination that Plaintiffs' claim was not covered, Defendant notes the policy excludes coverage where the loss is the result of intentional act by or at the direction of the insured.   Defendant notes its investigation determined (1) that Plaintiffs and/or their family members had made several questionable insurance claims in the past; (2) that Plaintiffs were in some degree of financial difficulty at the time of the fire; and (3) that the home that was destroyed by fire was facing potential foreclosure. Defendant also notes its investigation determined that shortly before the fire started, Plaintiffs' son convinced them to take a trip that was not previously planned.   Plaintiffs did so, leaving their son alone at the home.   That son had filed a fraudulent insurance claim in the past and also had his home burn in a fire that was determined to be arson.   The son was actively involved in assisting Plaintiffs in making their claims on this loss.   Based on these facts, Defendant determined there was a dispute as to whether the loss was covered under the policy.

Defendant argues it is entitled to summary judgment on the bad faith claim because a legitimate dispute exists as to whether or not there is coverage.   In Oulds v. Principal Mutual Life Insurance Co., 6 F.3d 1431, 1436 (10th Cir. 1993), the Tenth Circuit stated, "[t]he insurer will not be liable for the tort of bad faith if it 'had a good faith belief, at the time its performance was requested, that it had a justifiable reason for withholding payment under the policy.'" (quoting McCoy v. Okla. Farm Bureau Mut. Ins. Co., 1992 OK 43, ¶ 21, 841 P.2d 568, 572).   Oklahoma courts have established the same standard.   In order

3

to establish a bad faith claim, the insured must present evidence from which a reasonable jury could conclude that the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim.   McCoy, 1992 OK 43, ¶ 22, 841 P.2d at 572. In Badillo v. Mid Century Insurance Co., 2005 OK 48, ¶ 28, 121 P.3d 1080, 1093-94, the Oklahoma Supreme Court stated even an erroneous claim denial will not give rise to bad faith liability where it is based upon a good faith belief and some justifiable reason for the denial.   The Oklahoma Supreme Court has noted that the Court is charged with serving as the gate-keeper and must make a first determination of whether or not the insurance company's conduct can be considered tortious.   Garnett v. Gov't Employees Ins. Co., 2008 OK 43, ¶ 22, 186 P.3d 935, 944.   In its role as gatekeeper, the Court considers Plaintiffs' theory of liability.   Plaintiffs' argument that Defendant acted in bad faith is premised on their position that Defendant viewed the evidence in the light most favorable to it when denying the claim.   Indeed, the arguments raised by Plaintiffs focus solely on the manner in which Defendant viewed the evidence.   Plaintiffs argue that at the summary judgment stage the Court must view the evidence in the light most favorable to the nonmoving party.   Plaintiffs' position on summary judgment law is undoubtedly correct. However, they focus the question in the wrong area.   At this stage, the Court must view the undisputed material facts in the light most favorable to Plaintiffs and determine if Defendant had a reasonable, good faith belief for denying coverage.

Oklahoma courts have been consistent in finding no bad faith and supporting an insurer's denial of a claim on facts similar to those in the case at bar.   In Manis v. Harford

Fire Insurance Co., 1984 OK 25, 681 P.2d 760, the Oklahoma Supreme Court reversed a jury verdict and held the bad faith issue should not have been submitted to the jury.   The underlying facts of that case showed the fire appeared to have been intentionally set and the owner's tax returns showed the business had been operating at a loss.   In Conti v. Republic Underwriters Ins. Co., 1989 OK 128, 782 P.2d 1357, the Oklahoma Supreme Court again reversed a jury verdict of bad faith.   The Conti court noted the fire was deliberately set and that the insured had failed a polygraph.   The court noted that even though polygraph results could not be presented to the jury, those results were properly considered in evaluating the defendant's state of mind when denying the claim.

In considering these cases and the facts of this case, the Court finds that Defendant had a reasonable good faith belief that Plaintiffs' claim was excludable under the policy provisions.   Under the facts as presented, no reasonable juror could find that Defendant's denial was any more than a legitimate dispute after a reasonable investigation.   It may be that had the facts regarding coverage been presented to a jury, that the jury would have found in favor of Plaintiffs.   However, that does not establish that Defendant acted in bad faith.   As the Oklahoma Supreme Court stated in Christian v. American Home Assurance Co., 1977 OK 141, 577 P.2d 899:

> We do not hold that an insurer who resists and litigates a claim made by its insured does so at its peril that if it loses the suit or suffers a judgment against it for a larger amount than it had offered in payment, it will be held to have breached its duty to act fairly and in good faith and thus be liable in tort.

Id. at ¶ 25, 904-05.

## <u>CONCLUSION</u>

Consequently, Defendant's Motion for Summary Judgment (Dkt. No. 42) is GRANTED.   A separate judgment will issue.

IT IS SO ORDERED this 18th day of January 2022.

ROBIN J. CAUTHRON
United States District Judge

6